# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CORVON L. JONES,**

        **Plaintiff,**

        v.                                                                          Case No. 15-CV-51

**OMARLO PHILLIPS,** *et al.***,**

        **Defendants.**

---

## ORDER

---

Plaintiff Corvon L. Jones, currently incarcerated at the Milwaukee County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated prior to his arrest. This matter comes before the court on Jones's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $12.67.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint's Allegations

Jones is incarcerated in the Milwaukee County Jail. He is suing officers Omarlo Phillips, Kent Tuschl, Joseph Zawikowski, and Jacob Spano in connection with his allegations that they violated the Fourth Amendment by using excessive force at the time of his arrest. Specifically, Jones alleges that, on October 28, 2014, he was "brutally assaulted and injured" by the defendants. Phillips allegedly punched Jones in the mouth several times and stomped on him after he fell to the ground, resulting in an injury requiring seven stiches. Spano allegedly punched Jones and placed him in a headlock, choking him to unconsciousness, and then kicked and stomped on him multiple times. Jones alleges that Kent, while having control of Jones's left arm, forced him onto his knees and then kneed him repeatedly. Finally, according to the complaint, Zawikowski punched Jones all over his body and then bent his right arm "all the way up [his] back", resulting in torn ligaments. Jones also alleges that he was punched, kicked, and sprayed with pepper spray after he was placed in handcuffs and that the defendants stopped only after being ordered to do so by their captain.

Jones seeks monetary damages, attorneys fees, a restraining order against the Milwaukee Police Department's 7th district, and an order terminating or suspending the employment of the four defendants.

## Discussion

Based on the allegations in the complaint, Jones may proceed with his claim that the defendants violated the Fourth Amendment by using excessive force at the time of his arrest. *See Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) (holding that, while an officer who has the right to arrest an individual also has the right to use some degree of physical force to effectuate the arrest, that right is circumscribed by the Fourth Amendment's insistence on reasonableness) (internal citations omitted).

Jones also seeks a restraining order against "the entire 7th District" of the Milwaukee Police Department. To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the plaintiff must show that: 1) his underlying case has some likelihood of success on the merits; 2) no adequate remedy at law exists; and 3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

At this early stage of the litigation and without response from the defendants, Jones has not demonstrated a likelihood of success on the merits. In addition, Jones' request for a restraining order against "the entire 7th district" goes far beyond the matters presented in Jones' lawsuit, which alleges misconduct by four individual

officers. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (*citing De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)); *see also Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (*citing Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)); *Alston v. City of Madison*, 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint."). As such, the court denies Jones's request for a restraining order against "the entire 7th district."

<u>Motion to Appoint Counsel</u>

Jones has filed a separate motion seeking the appointment of counsel (ECF No. 3). The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If a plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at

655).  This inquiry focuses not only on plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

In this case, Jones has not provided evidence of efforts to obtain legal counsel on his own.  In addition, while his allegations are serious, the legal theories are straightforward, and Jones's filings to date indicate he is capable of proceeding on his own.  Accordingly, the court will deny Jones's request for assistance of counsel at this time.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **granted**.

**IT IS ALSO ORDERED** that plaintiff's motion for the appointment of counsel (ECF No. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.  The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it

has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Milwaukee County sheriff or his designee shall collect from the plaintiff's prison trust account the $337.33 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff. A copy should also be sent to Maricela Castillo and Mary Wenten at the Milwaukee County House of Corrections.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

Dated at Milwaukee, Wisconsin this 5th day of May, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge