IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORVON L. JONES,

        Plaintiff,

vs.                                                               Case No. 2:15-cv-00051-WED

OMARLO PHILLIPS, et al.,

        Defendants.

## PLAINTIFF'S MOTIONS IN LIMINE
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Court's September 8, 2016 Scheduling Order and Federal Rules of Evidence 401 through 404, Plaintiff Corvon L. Jones hereby moves in limine for an order:

1. Excluding from evidence any reference to Plaintiff's criminal convictions that pre-date October 28, 2014,[1] as well as the convictions arising out of the October 28, 2014 incident at issue; and

2. Excluding from evidence any reference to any hearsay statements included in the October 29, 2014 Incident Report submitted by Sgt. Charles Grimm.

The factual and legal grounds for these motions are set forth below in Plaintiff's Incorporated Memorandum of Law.

## BACKGROUND

Plaintiff brought this lawsuit under 42 U.S.C. § 1983, because Defendants violated his civil and constitutional rights when arresting him on October 28, 2014. Following the arrest that is the subject of this lawsuit, Plaintiff was convicted of two drug-related offenses, resisting arrest, and bail jumping. He was convicted of a few similar offenses previously.

---

[1] Counsel for Defendants previously represented that Defendants will not seek to introduce evidence of any of Plaintiff's convictions from before the October 28, 2014 incident at issue in this case.

Many of the facts in this case are not in dispute.  Trial will focus on a few key factual disputes between the parties regarding the force used by Defendants in arresting Mr. Jones on October 28, 2014, which the parties are anticipated to dispute vigorously.

On October 28, 2014, Mr. Jones was sitting in the passenger seat of a car parked on private property in the Sherman Park neighborhood of Milwaukee.  (Dkt. 46 (Phillips Decl.) ¶¶ 2-5; Dkt. 47 (Spano Decl.) ¶¶ 5-7; *see also* Dkt. 56 (Jones Decl.) ¶ 4.)  Defendants are police officers who were on bicycle patrol in the area; they approached the vehicle.  (Dkt. 47 (Spano Decl.) ¶¶ 2-6.)  Defendant Tuschl approached the driver-side window of the vehicle and directed Defendant Phillips to approach the passenger-side window after he noticed Mr. Jones sitting in the front passenger seat.  (Dkt. 46 (Phillips Decl.) ¶ 7; Dkt. 48 (Tuschl Decl.) ¶¶ 9-11.)  After a brief exchange with Defendant Phillips, Mr. Jones attempted to exit the vehicle.  (Dkt. 47 (Spano Decl.) ¶¶ 8-12.)  Defendant Phillips attempted to prevent Mr. Jones from leaving the vehicle and a physical altercation ensued.  (Dkt. 46 (Phillips Decl.) ¶¶ 15-19; Dkt. 47 (Spano Decl.) ¶¶ 13-34; *see also* Dkt. 56 (Jones Decl.) ¶¶ 4-11.)

According to Defendants, Mr. Jones "head butted" Defendant Phillips after he exited the vehicle and the other Defendants joined Defendant Phillips in attempting to restrain Mr. Jones.  (Dkt 46 (Phillips Decl.) ¶¶ 20-21; Dkt. 47 (Spano Decl.) ¶¶ 14-20.)  Defendants claim that Mr. Jones actively resisted their efforts to restrain him.  (Dkt. 46 (Phillips Decl.) ¶¶ 24-32.)  Defendants acknowledge punching and/or kneeing Mr. Jones in the abdomen, back, shoulders, and jaw.  (Dkt. 48 (Tuschl Decl.) ¶¶ 23-37; Dkt. 49 (Zawikowski Decl.) ¶ 20; *see also* Dkt. 50 ¶¶ 4-8.)  Defendant Zawikowski bent Mr. Jones's arm in such a fashion as to tear several ligaments in the process.  (Dkt. 49 (Zawikowski Decl.) ¶¶ 24-25; Dkt. 56 (Jones Decl.) ¶ 7.)  Mr. Jones contends that Defendants continued their assault on Mr. Jones after he had been taken to

the ground, choking him unconscious, and even blinding him temporarily – after he had been cuffed – by firing mace into Mr. Jones's eyes. (Dkt. 56 (Jones Decl.) ¶¶ 7-8.) Mr. Jones acknowledges that he attempted to leave the vehicle and extricate himself from the situation, but will testify that he took no action against Defendants except to cover his face to protect himself from Defendants' repeated assaults. (Dkt. 56 (Jones Decl.) ¶¶ 9-11.)

Defendants' use of force was excessive, and therefore violated Mr. Jones's rights under the Fourth Amendment.

Trial will be limited to the following issues:

(1) Were Defendants' strikes, physical holds, and application of mace – whether individually or in combination –excessive?

(2) Did certain Defendants fail to intervene?

(3) What compensatory damages are owed to Mr. Jones?

(4) If compensatory damages are awarded to Mr. Jones, did any Defendant act with malice or reckless disregard of Mr. Jones's rights such that he is entitled to an award of punitive damages?, and

(5) What punitive damages are owed to Mr. Jones?

## ARGUMENT

While the issues for trial are relatively limited, Mr. Jones brings these two motions in limine to confine the evidence presented to that relevant to the claims and defense actually at issue in this lawsuit. Plaintiff anticipates that Defendants may attempt to improperly raise issues regarding his criminal history so as to confuse and prejudice the jury, and that Defendants may seek to introduce inadmissible evidence of third-party hearsay. For the reasons outlined below, Mr. Jones asks that the Court grant both motions in limine.

3

I.  **Plaintiff's Criminal History Is Irrelevant to this Matter and Its Introduction Would Be Highly Prejudicial.**

Plaintiff anticipates that Defendants will seek to admit evidence of Plaintiff's convictions that followed his arrest on October 28, 2014. Evidence of Plaintiff's criminal history, including the following convictions, should be excluded from trial under Federal Rules of Evidence 401 through 404:

- Wis. Case No. 2008CF006188 – Possession with Intent to Distribute (Cocaine)
- Wis. Case No. 2009CF002900 – Bail Jumping
- Wis. Case No. 2014CF004826 – Possession with Intent to Distribute (Cocaine)
- Wis. Case No. 2014CF004826 – Possession with Intent to Distribute (THC)
- Wis. Case No. 2014CF004826 – Resisting Officer (hereinafter, the "Resisting Conviction")
- Wis. Case No. 2014CF004826 – Bail Jumping

   a.  **Plaintiff's Possession of Controlled Substances and Bail Jumping Convictions are Completely Irrelevant and Unfairly Prejudicial.**

Under Federal Rule of Evidence 401, Plaintiff's convictions for possession of controlled substances and bail jumping are in no way relevant to the factual disputes in this case or the ultimate question of whether Defendants violated Plaintiff's constitutional rights by applying excessive force, and therefore should be excluded under Federal Rule of Evidence 402.[2] Simply put, Plaintiff's criminal history does not have a tendency to make any fact relevant to the question of whether Defendants used excessive force in arresting him more or less likely. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

The only possible use of Plaintiff's convictions for possession of controlled substances and bail jumping would be as impermissible character evidence, which is precluded by Federal Rule of Evidence 404(b). Such character evidence is excluded because "[i]t tends to distract the trier of fact from the main question of what actually happened on a particular occasion" and it

---

[2] Counsel for Defendants has agreed not to seek to introduce evidence relating to the convictions in Case Nos. 2008CF006188 and 2009CF002900.

4

"subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." Fed. R. Evid. 404, advisory committee notes to the 1972 proposed rules (internal quotations omitted); *see also Huddleston v. United States*, 485 U.S. 681, 686 (1988) (recognizing the danger with propensity and character evidence); *U.S. v. Neely*, 980 F.2d 1074, 1080 (7th Cir. 1992) (noting that "[e]vidence of prior convictions is not admissible . . . to 'stink up' a witness' character").

Furthermore, Plaintiff's possession and bail jumping convictions do not impact Plaintiff's credibility and cannot be used for impeachment purposes under Federal Rule of Evidence 609(a). *See, e.g., Carter v. Becker*, 966 F. Supp. 798, 800 (E.D. Wis. 1997) (ruling that evidence regarding the nature of the plaintiff's previous drug convictions was "not of a nature that affect his credibility" and was irrelevant to the plaintiff's § 1983 action); *Brandon v. Maywood*, 179 F. Supp. 2d 847, 854 (N.D. Ill. 2001) (holding that the potential for unfair prejudice arising from evidence of the plaintiff's previous drug convictions substantially outweighed any value to the jury in considering the plaintiff's credibility under Rule 609(a)).

Even were these convictions relevant in some attenuated fashion to the case at hand, their admission into evidence would carry with it with a danger of unfair prejudice that would substantially outweigh any probative value under Federal Rule of Evidence 403. *See Ott v. City of Milwaukee*, No. 09-C-870, 2015 U.S. Dist. LEXIS 32614, at *3 (E.D. Wis. Mar. 17, 2015); *see also Cianfaglione v. Rogers*, No. 10-CV-02170, 2012 U.S. Dist. LEXIS 77122, at *20 (C.D. Ill. June 4, 2012) (ruling that the plaintiff's previous arrests could have "no real relevance" to § 1983 claim and that "any minimal relevance is substantially outweighed by the danger of unfair prejudice"). Thus, Plaintiff's convictions for drug possession and/or bail jumping have no place at trial in this lawsuit.

5

### b. Plaintiff's Resisting Conviction is also not Relevant to the Issues at Hand and would be Unfairly Prejudicial.

While the incident that led to the Resisting Conviction is the subject of this lawsuit, the fact of the Resisting Conviction itself is not relevant to the jury's evaluation of the constitutional claim that will be presented to it. *See Maus v. Greening*, No. 09-C-42, 2012 U.S. Dist. LEXIS 148640, at *2-3 (E.D. Wis. Oct. 15, 2012) (holding that the "fact of conviction" of the plaintiff's attempted battery conviction was "not relevant" to the plaintiff's § 1983 claim). The present lawsuit centers on whether Defendants used excessive force when they struck Plaintiff numerous times and used multiple applications of mace during the encounter, not whether Plaintiff committed any crimes. Although the actions of Plaintiff and Defendants during the October 28, 2014 incident are certainly relevant, the fact that Plaintiff was subsequently convicted of the criminal offense of resisting arrest is not.

Plaintiff does not object to Defendants proffering evidence regarding what the parties did or did not do during the arrest incident, only to an attempt by Defendants to use the fact of the Resisting Conviction to prejudice the jury against Plaintiff. As the Court has already ruled as a matter of law, Plaintiff's Resisting Conviction does not operate to bar his § 1983 claim. (Dkt. 63 at 11.) And, in *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010), the Seventh Circuit ruled that a resisting arrest conviction is not incompatible with an excessive force claim.

Thus, Defendants' use of the Resisting Conviction would simply be to attempt to prejudice Plaintiff in the eyes of the jury as a bad person, deserving of the excessive force applied by Defendants rather than the relief he requests in this action. Such a purpose is improper under Federal Rule of Evidence 404, which states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

6

At bottom, whether Plaintiff was convicted of a crime as a result of his actions during the October 28, 2014 incident will not assist the jury in determining whether Defendants acted reasonably in applying the level of force that they did in arresting Plaintiff. Plaintiff's Resisting Conviction was not entered until months after the October 28, 2014 incident—it could not have informed Defendants' consideration of the reasonableness of force on that date. *See Maus v. Greening*, No. 09-C-42, 2012 U.S. Dist. LEXIS 148640, at *2-3 (E.D. Wis. Oct. 15, 2012) (ruling that evidence that the plaintiff was convicted of attempted battery was "irrelevant" to the plaintiff's § 1983 claims); *LaSalvia v. City of Evanston*, No. 10-C-3076, 2011 U.S. Dist. LEXIS 133825, at *4 (N.D. Ill. Nov. 21, 2011) (stating that evidence of the plaintiff's conviction of resisting arrest "would add little to the jury's evaluation of the reasonableness of the officers' actions 'at the time of the arrest'"); *Ward v. Tinsley*, No. 1:10-CV-329, 2011 U.S. Dist. LEXIS 142763, at *7 (N.D. Ind. Dec. 12, 2011) (stating that "significant prejudice or confusion could arise if the jury seeks to retroactively gauge the reasonableness of [the defendants'] use of force against the knowledge that criminal charges were later lodged by the prosecuting attorney").

Furthermore, regardless of whether Defendants might attempt to introduce Plaintiff's Resisting Conviction as substantive evidence or for impeachment purposes under Federal Rule of Evidence 609(a), such evidence is subject to the balancing test imposed by Federal Rule of Evidence 403, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." District courts have "broad discretion" under Federal Rule of Evidence 403 to limit unfairly prejudicial evidence. *Cruz v. Safford*, 579 F.3d 840, 845 (7th Cir. 2009) (affirming district court's limits on cross-examination regarding witness's previous criminal convictions in a § 1983 case); *see also Maus*, 2012 U.S. Dist. LEXIS 148640, at *2 (excluding attempted

battery conviction in excessive force case because even if it had "minimal relevance, its probative value is substantially outweighed by the risk of confusion and unfair prejudice"); *cf. Tatum v. Clarke*, No. 11-C-1131, 2015 U.S. Dist. LEXIS 143830, at *7 (E.D. Wis. Oct. 22, 2015) (partially granting motion to limit Rule 609(a) impeachment use of the plaintiff's convictions because "[m]urder does not implicate truthfulness").

Again, Plaintiff does not object to Defendants testifying about what happened on October 28, 2014 and why they believe the degree of force they used was appropriate. The jury will determine whether Defendants' use of force was excessive in light of the circumstances known to Defendants at the time. But in addition to being irrelevant, evidence regarding Plaintiff's Resisting Conviction would carry with it a significant risk of unfair prejudice as the jury might "presume , erroneously, that police officers have unbridled license to use whatever force is necessary—even excessive force—in effectuating the arrest of an individual who has resisted." *LaSalvia*, 2011 U.S. Dist. LEXIS 133825, at *4-5 (internal quotation omitted). The Seventh Circuit has instructed that "courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992); *see also Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) ("We are mindful of our duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them.").

For these reasons, Plaintiff asks that the Court issue an order excluding all references or evidence relating to Plaintiff's criminal history or convictions.

## II. Certain Statements Allegedly Made to Sgt. Grimm and Contained in the October 29, 2014 Incident Report Are Inadmissible Hearsay.

In the course of the investigation into the October 28 incident, the Milwaukee Police Department generated a number of reports. Among these was an Incident Report dated

8

October 29, 2014, where Sgt. Charles Grimm purports to have interviewed a witness to the event and attempted to interview other witnesses as well (the "Grimm Report"). The statements of the witnesses to Sgt. Grimm constitute inadmissible hearsay and should be excluded from evidence.

The Grimm Report contains two basic accounts. The first is Grimm's alleged attempts to interview witnesses at 4024 West Burleigh Street. According to Grimm, one woman told him that she "didn't see shit," and eight people in the home's living room "stated they had not seen anything." At 4028 West Burleigh Street, an alleged witness named Joseph Smith is purported to have said:

> I seen it all. I saw the officers approaching the car. That fool tried to run. He should of [*sic*] just gone to jail like he should of [*sic*]. I bet a million bucks he got warrants. He started by slamming that car door into the officers. Man, them officers was ordering him down and he wouldn't go down! I'm usually not on the side of the police, but they did nothing wrong. Man! That dude got two steps, and they was on him like flies on shit! They did a good job! He riled up the entire neighborhood for his shit. Should've just gone to jail.

To the extent that Defendants seek to offer these statements to prove the truth of the matters asserted, they must be excluded as inadmissible hearsay. Fed. R. Evid. 801(c). They are statements made out of court to prove the truth of the matter asserted (*i.e.*, that the witnesses did not see anything or that Defendants did nothing wrong).[3]

To the extent that Defendants attempt to argue that the alleged witnesses' statements are a business record of the Milwaukee Police Department and therefore admissible, the Seventh Circuit has squarely rejected such a claim. The written statement of a non-party declarant does not qualify for the business record exception to the hearsay rule simply because it ends up in a party's records. "The fact that statements made by strangers to the business become a part of its

---

[3] Technically, the statements are double hearsay, as the statements are being reported in the Grimm Report, which is itself another out of court statement. Because the statements are themselves hearsay, Plaintiff need not take a position on whether the Grimm Report itself could be admissible under any hearsay exception.

9

records . . . does not make them business records unless they are verified by the business and thus adopted and become the business's own statements." *United States v. Santos*, 201 F.3d 953, 963 (7th Cir. 2000) (reversing as "clearly incorrect" the admission under Rule 803(6) of complaints made against defendant, explaining that records were not within the business record exception merely because the defendant accepted complaints and kept copies in its records). In other words, the business records hearsay exception "is inapplicable to information received rather than prepared by the business." *Id.*

Finally, even if the statements somehow otherwise could qualify as a business record, the contents of the statement "indicate a lack of trustworthiness," such that the Grimm Report would still need to be excluded. Fed. R. Evid. 803(6)(e). First, Joseph Smith (the witness located at 4028 West Burleigh Street) testified at length during Plaintiff's criminal trial, and the testimony was wildly inconsistent with the statements contained in the Grimm Report. Indeed, Mr. Smith testified that Plaintiff tried to get out of the passenger side of the car only after the driver of the car lunged forward over officers' bicycles, and that all he saw was the officers surround the car and immediately take him down once he opened the door. (*See* Reuter Decl. Ex. A, Transcript of Jury Trial, Morning Proceedings February 3, 2015, Case No. 2014-CF-004826 (Mil. Cnty. Cir. Ct.) at 62:15-65:19.) Second, despite the report claiming that Sgt. Grimm interviewed witnesses at 4024 West Burleigh Street, no such street address exists. Accordingly, Sgt. Grimm could not have interviewed witnesses at such an address.

Therefore, because the Grimm Report contains inadmissible hearsay that may not be entered into evidence under any hearsay exception, the evidence should be excluded from trial.

Dated: March 20, 2017	FOLEY & LARDNER LLP

                                                                     s/ Bartholomew F. Reuter
                                                                       Bartholomew F. Reuter, WI Bar No. 1034216
                                                                       Ryan N. Parsons, WI Bar No. 1079348
                                                                       Aaron Wegrzyn, WI Bar No. 1094262
                                                                       Foley & Lardner LLP
                                                                       777 East Wisconsin Avenue
                                                                       Milwaukee, WI 53202-5306
                                                                       414.271.2400
                                                                       414.297.4900 (Facsimile)
                                                                       breuter@foley.com
                                                                       rparsons@foley.com
                                                                       awegrzyn@foley.com

                                                                       Attorneys for Plaintiff Corvon Jones