# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CORVON L. JONES,**

        **Plaintiff,**

        v.                                                 **Case No. 15-CV-51**

**POLICE OFFICER OMARLO PHILLIPS, et. al,**

        **Defendants.**

## ORDER ON THE PARTIES' MOTIONS IN LIMINE

A jury trial is scheduled to commence on **April 10, 2017, at 8:30 AM** in Courtroom 242 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The court resolved some of the parties' motions in limine at the final pretrial conference. The court ordered further briefing on a few others. Those motions are now ready for resolution.

**Defendants' second motion in limine** (ECF No. 76 at 6): The defendants "strenuously object under Fed. R. Evid. 402, 403 and 404(b)" to "[a]ny and all mention of the unsustained and unfounded accusations of excessive force contained in the officers' inadmissible personnel files." (ECF No. 76 at 6.)

Jones responds that "the most salient point is Defendants' remarkable lack of familiarity with the information contained in their personnel files and their individual excessive force complaint records." He states that he "does not wish to use the prior complaints as evidence of Defendants' propensities for unlawful action, but instead as evidence that citizen complaints about Defendants' use of force were effectively ignored. Such evidence demonstrates that Defendants were undeterred in acting with reckless disregard of Mr. Jones's constitutional rights and do not take citizen complaints regarding excessive force seriously, necessitating punitive damages." (ECF No. 87 at 2.)

As framed by Jones, such evidence might be relevant to a *Monell* claim, as the defendants point out in their reply brief. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). However, Jones has alleged claims against only the officers individually and has not presented a *Monell* claim. More importantly, even if the court were to regard the complaints relevant to a determination of whether punitive damages were warranted, the fact that these particular officers might not be familiar with certain complaints of excessive force lodged against them would be probative of a department policy or practice of ignoring claims of excessive force only if those claims had merit. Thus, even if Jones's intent in introducing the evidence is merely to show that the defendants "do not take citizen complaints regarding excessive force seriously," a finder of fact would have no basis for determining whether an investigation regarding those complaints was sufficient unless it also knew something about the facts

underlying each complaint. Those facts cannot be gleaned from the hearsay statements contained in a personnel file.

The court also finds that the prejudicial effect of this evidence significantly outweighs any probative value it might have. Under a "where there's smoke there's fire" theory, the jury would be tempted to look at the mere fact that complaints were lodged as evidence that these officers must have engaged in excessive force in this case. But evidence of prior conduct is narrowly circumscribed under the Federal Rules of Evidence. *See* Fed. R. Evid. 404(b). And for good reason. Hearsay statements of unsubstantiated reports of misconduct are not sufficiently reliable to be presented to a jury. Therefore, the defendants' motion in limine to exclude their personnel files is **granted**.

**Defendants' third motion in limine** (ECF No. 76 at 7): A citizen recorded "the very end" (ECF No. 87 at 5) of the relevant interaction between Jones and the defendants. "[T]he defense vigorously contends that all of the audio should be excluded." Jones agrees that the audio from 0:26 to 0:46 should be excluded but asks that the remaining audio be included.

The court has closely scrutinized the video and its audio. At times the words are difficult to discern and thus this summary is the court's best assessment of what is said. The first voice heard appears to be that of a police officer yelling at a growing crowd, "Stay back!" and "Get back!" Then there is the audio that Jones agrees can be excluded,

which the court understands is an exchange between the woman who shot the video and her daughter. Then the shouts of various persons in the gathering crowd can be heard. A woman is heard yelling, "He was beating the shit out that man! He was beating that baby all in his damn head!" There is much indiscernible yelling but various phrases can be heard: "What the fuck is you doing?" "Get off that boy!" "That's ridiculous. They beat him like that. He needs some medical attention. They beat that boy senseless."

To the extent any statement recorded on the video is hearsay, the statements constitute a present sense impression, Fed. R. Evid. 803(1), or an excited utterance, Fed. R. Evid. 803(1). Such statements are generally admissible because their spontaneity tends to support their trustworthiness. However, a spontaneous statement is not necessarily truthful; in many circumstances a speaker's interests might lie in spontaneously uttering a falsehood. The court recognizes that it is possible that a person may wish to agitate or incite a crowd vis-à-vis the police and thus excited utterances made under such circumstances might be especially unreliable. But this is a point that the court believes the jury can appropriately weigh and assess. Thus, to the extent that the statement is admitted for the truth of the matter asserted, the jury is not required to accept the statement as true. The jury may assess the veracity of the evidence as it does with other evidence.

Nor does the court find that the admission of the audio would be unfairly prejudicial so as to be subject to exclusion under Rule 403. To say that a police officer "beat[] the shit out" of someone might connote a conclusion that the force used was excessive, but not necessarily. In this regard, the statement is arguably not hearsay because it is merely circumstantial proof of a fact in issue. *See* 2 McCormick On Evid. § 269 (7th ed.). Although stated quite colloquially, it might reflect merely an observation that the officers used physical force on Jones and Jones was injured as a result. But the court does not understand those facts to be in dispute.

Finally, Jones agrees that a portion of the audio (the portion in which the woman who is recording the incident comments to her daughter that she needs to go to school, as well as their observations and speculation about the incident) may be excluded. The defendants did not address this point in their reply, instead arguing only that all of the audio should be excluded. It is unclear if the defendants' lack of a response reflects an agreement that this portion of the audio should still be excluded even if the court permits the admission of the rest of the audio.

The court concludes that, absent a stipulation from the parties, the admission of the audio is an all-or-nothing proposition. The court finds that the portion of the audio identified by Jones is not subject to exclusion under Rule 403. Moreover, the court is concerned that editing out a portion of the audio will lead the jury to speculate about what is being kept from it. In the court's view, because the portion of the audio

5

identified by Jones is not unfairly prejudicial or otherwise subject to exclusion under Rule 403, it is best to present the jury with the full story. Therefore, the defendants' motion in limine to exclude the audio of the video recording is **denied**.

**Defendants' fifth motion in limine** (ECF No. 76 at 8-9): The defendants assert that, although Jones's complaint alleged only a claim of excessive force, he is now attempting to add claims for failure to intervene and punitive damages.

Jones initiated this action without an attorney. Pleadings of pro se litigants are subject to liberal construction. The fact that Jones did not explicitly allege a separate failure to intervene claim (and the court likewise did not articulate such a claim in the court's initial screening of Jones's complaint) is not necessarily a barrier to Jones presenting such a claim now.

The court does not require a litigant to identify in his complaint his legal theory for recovery. He need only present the facts. Jones alleged in his complaint that he was "brutally assaulted and injured by four 7th district police officers." (ECF No. 1 at 3.) This allegation most readily translates into a claim of excessive force. But in some respects, when a plaintiff alleges that a group of officers were involved in the excessive force, a claim of failure to intervene logically follows. It might even be regarded as a subset of an excessive force claim since it is viable only if excessive force was used. Having said that, a plaintiff may prevail on a failure to intervene claim even if he is

unable to prove which specific defendant used excessive force. *See Sanchez v. City of Chicago*, 700 F.3d 919, 926 (7th Cir. 2012).

Even if the court were to conclude that Jones did not adequately allege a failure to intervene claim in his complaint, the court would permit him leave to amend under Fed. R. Civ. P. 15. The defendants have not explained how they might be prejudiced if Jones is permitted to present this claim to the jury. As the court understands the defendants' position, their defense is that no excessive force was used. They are not arguing, for example, that if excessive force was used it was used by someone other than a named defendant. Thus, the evidence necessary to defend the use of excessive force claim is essentially the same as that necessary to defend a failure to intervene claim. The defendants have not indicated that they would have undertaken different discovery or otherwise defended this case differently had they understood Jones to be also alleging that they failed to intervene to prevent other officers from using excessive force.

As for the defendants' motion regarding the plaintiff's request for punitive damages, as the defendants acknowledge, punitive damages need not be specifically pled. However, under certain circumstances, a court might prohibit a plaintiff from obtaining punitive damages if the defendants were not previously aware that punitive damages were "on the table." *Newell v. Wis. Teamsters Joint Council No. 39*, 2007 U.S. Dist. LEXIS 72917, 11-12 (E.D. Wis. Sept. 28, 2007).

The court finds that Jones's claim of excessive force should have immediately raised the specter of punitive damages such that the defendants would recognize that such damages might come into play. Again, the defendants have not explained how Jones's failure to explicitly demand punitive damages prejudiced them. Therefore, particularly in light of Jones's pro se status when he filed the complaint and through most of this litigation, the court will not foreclose Jones from seeking punitive damages merely because he did not explicitly demand them in his complaint.

Accordingly, the defendants' fifth motion in limine is **denied.**

**Plaintiff's first motion in limine** (ECF No. 77 at 4-8): Jones asks the court to exclude "any reference to Plaintiff's criminal convictions that pre-date October 28, 2014, as well as the convictions arising out of the October 28, 2014 incident at issue." (ECF No. 77 at 1 (footnote omitted).) The defendants have agreed not to introduce any conviction that predates the October 28, 2014 incident but intend to introduce evidence of Jones's convictions arising out of the events of October 28, 2014.

As a result of the events of October 28, 2014, Jones was convicted by a jury of possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, misdemeanor bail jumping, and resisting or obstructing an officer.[1]

The defendants assert:

> Evidence of Plaintiff's convictions is relevant to demonstrate not only the Plaintiff['s] motive for resisting arrest so fiercely, but also can be used to determine the Plaintiff's credibility as he apparently testified under oath in his state court trial that he did not resist arrest at all and that the drugs were not his. By continuing to put forth a story that is in direct contradiction to his convictions in state court, Plaintiff is putting his credibility at issue and Defendants should have the right to challenge his credibility by showing that a jury found that Plaintiff's story was incredible.

(ECF No. 86 at 5.)

With respect to Jones's drug possession and bail jumping convictions, the court disagrees with the defendants. Jones's *convictions* per se are not relevant. What is relevant are the *facts* that led to those convictions. In other words, what arguably gave Jones a motive for violent resistance on October 28, 2014, was the fact that Jones possessed drugs and was out on bail, not that months later he was convicted of certain offenses. The distinction may be subtle but is material. The court also rejects the defendants' argument that Jones's conviction is relevant to his credibility.

---

[1] The court notes that at the time the court resolved the defendants' motion for summary judgment, the record stated that Jones had been convicted of resisting an officer resulting in substantial bodily harm, a felony. (ECF No. 63 at 9-10.) However, in reviewing the Wisconsin Circuit Court records, available at https://wcca.wicourts.gov, it appears that the state court subsequently amended Jones's conviction to the misdemeanor version of resisting or obstructing an officer, Wis. Stat. § 946.41(1), (2)(a), an offense that does not include injury to an officer as an element and could be violated merely be providing false information or by placing false evidence. *See* Mil. Cnty. Cir. Ct. Case No. 2014CF004826, January 17, 2017.

Thus, based upon the arguments raised by the defendants in response to Jones's motion in limine, the court will grant Jones's motion with respect to his drug possession and bail jumping convictions. The defendants remain free to present evidence related to those offenses but are precluded from presenting evidence that this conduct led to a criminal conviction.

However, Jones's conviction for resisting or obstructing an officer presents different issues. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff cannot recover in a civil action if that civil judgment would be inconsistent with an un-reversed criminal conviction. Thus, a plaintiff who is convicted of resisting arrest "could not maintain a § 1983 action premised on the claim that he did not resist being taken into custody, but could proceed on claims that the police used excessive force in effecting custody or after doing so." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014) (discussing *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010)).

As the court noted in denying the defendants' motion for summary judgment, a claim of excessive force is not necessarily inconsistent with a conviction under Wis. Stat. § 946.41. But it might be, depending upon the nature of the plaintiff's excessive force claim. Under Wisconsin law, a person can be convicted of resisting or obstructing only if the police officer is acting with lawful authority. "Lawful authority" "requires that police conduct be in compliance with both the federal and state Constitutions, in addition to any applicable statutes." *State v. Ferguson*, 2009 WI 50, ¶ 16, 317 Wis. 2d 586,

10
Case 2:15-cv-00051-WED   Filed 04/06/17   Page 10 of 12   Document 92

600, 767 N.W.2d 187, 194. Thus, a conviction for resisting or obstructing an officer under Wisconsin law necessarily means that the jury concluded that the police officers' actions at the time were constitutional (which means that the officers were not using excessive force at the time). *See Helman*, 742 F.3d at 763 (discussing a similar issue under Indiana law). If Jones's claim depends upon the jury concluding that he never resisted or obstructed the officers, or resisted only in response to the officers' use of excessive force, such a claim would be inconsistent with the jury's conclusion in his criminal trial and barred by *Heck*.

At this point, without knowing what the evidence will be, it is difficult for the court to assess how to address the problems posed by Jones's conviction for resisting or obstructing. It may be that the court will conclude it is necessary to instruct the jury that Jones was convicted of resisting or obstructing and that it should consider this fact in a particular manner. It is also conceivable that the evidence will show that Jones's claim does not fit within the narrow window the court identified in its summary judgment decision and discussed in *Helman* and *Evans* but is, in fact, barred by *Heck*. In that event, a directed verdict in favor of the defendants may be appropriate.

The court finds that the most prudent approach at this point is to preclude evidence of Jones's conviction. If circumstances arise at trial whereby the parties believe it is appropriate to revisit this issue, the court will entertain a renewed motion at that time.

Therefore, Jones's first motion in limine is **granted**.

**Amendment to the court's final pretrial order**: Finally, in the court's final pretrial order the court stated that it would winnow the jury pool by way of peremptory strikes equally divided between the parties. (ECF No. 85, sub. 2.) Instead, the court will proceed in the more traditional fashion, permitting three strikes per party from the first 14 jurors who remain after any jurors are stricken for cause.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 6th day of April, 2017.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge