UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CORVON L. JONES,**
                **Plaintiff,**

     v.                                           **Case No. 15-CV-51**

**OMARLO PHILLIPS,** *et al.***,**
                **Defendants.**

## ORDER

Following a three-day jury trial in June 2017 a jury found that the defendants did not violate Plaintiff Corvon Jones's constitutional rights. (ECF No. 100.) A year and a half later, in December 2018, Jones filed a notice of appeal along with two motions for leave to appeal without prepayment of the filing fee. (ECF Nos. 110, 111, & 119.) On January 9, 2019, the court denied the motions for leave to appeal without prepayment of the filing fee and certified that the appeal was not brought in good faith under Fed. R. App. P. 24(a)(3)(A). (ECF No. 122.) The court concluded that the appeal was untimely filed and raised an issue (ineffective assistance of counsel) that was not a ground for reversal in a civil case. (*Id.*) Jones appealed that decision by filing a separate motion for leave to appeal without prepayment of the filing fee under Fed. R. App. P. 24(a)(5), and the Court of Appeals for the Seventh Circuit denied that motion on March 26, 2019, noting that it lacked jurisdiction over the case because the appeal was untimely filed. (ECF Nos. 123-24.)

On January 31, 2023, Jones filed his fourth motion for leave to appeal without prepayment of the filing fee. (ECF No. 134.) The court denied that motion on June 1, 2023, for the same reasons it denied his other motions—it was untimely filed and the motion was not brought in good faith. (ECF No. 144.) The Court noted that the Seventh Circuit had already reviewed and affirmed the court's prior order denying his first two motions for leave to appeal without prepayment of the filing fee, and the Seventh Circuit itself had denied his third motion for leave to appeal without prepayment of the filing fee. (*Id*.) The court warned Jones that, if he continued to abuse the judicial system by filing frivolous motions in a case he knows is closed and cannot be appealed, he could be subject to sanctions. (*Id*.)

Since then, Jones has continued to file frivolous motions. (ECF Nos. 145, 149, & 150.) On June 23, 2023, Jones filed a "motion to intervene," citing Fed. R. Civ. P. 24(a)(3). (ECF No. 145.) That motion is improper because motions to intervene are intended for third-parties (not plaintiffs), and Rule 24(a)(3) is no longer in effect. *See* Fed. R. Civ. P. 24. On July 26, 2023, Jones filed a motion for extension of time to file an appeal, along with a motion for joinder of parties. (ECF Nos. 149-150.) However, the court does not have authority to extend the deadline to appeal more than 30 days after the time prescribed by Rule 4(a) expires, *see* Fed. R. App. P. 4(a)(5)(A)(i), and his motion for joinder of parties is also woefully untimely. On August 4, 2023, the Seventh Circuit issued another mandate, specifically noting that Jones filed his notice of appeal "nearly four years late and far too late to challenge any order in the case." (ECF No. 152.)

This case was resolved on the merits through a jury trial, has been closed since 2017, and cannot be appealed or revived at this point. Jones has been notified of these circumstances several times by both this court and the Seventh Circuit. The Seventh Circuit even noted in its most recent mandate that it is far too late to challenge "any" order in this case. Accordingly, the court will deny as frivolous all three of Jones's pending motions, which attempt to revive this case and his appeal. Any further motions filed in this case will be summarily denied as frivolous through a text-only order.

**THEREFORE, IT IS ORDERED** that Jones's motion to intervene, motion for extension of time to file an appeal, and motion for joinder of parties (ECF Nos. 145, 149, & 150) are **DENIED.** Any further motions filed in this case will be summarily denied as frivolous through a text-only order.

Dated at Milwaukee, Wisconsin this 20th day of November, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge